B. WHALEY ET AL *v.* M. E. WHALEY ET AL.

Maintenance—Stipulation for in Deed—Failure to Perform Requirements—
    Reversion.
        The failure of vendees in a deed to provide sufficient maintenance
    for their relations, as a condition precedent, stipulated in the deed, and
    their removal to another state and remaining away for several years,
    is held sufficient to entitle the grantors to a reversion of the title to
    them.

APPEAL FROM HARRISON CIRCUIT COURT.

May 23, 1868. ·

OPINION OF THE COURT BY JUDGE HARDIN:

The judgment of the circuit court cancelling the deed from
Benjamin Whaley and wife to B. L. Whaley was rendered in
May, 1863, and was on the appeal of the defendants reversed by
this court in October, 1864; it appears by the amended pleadings
filed since the return of the cause to the circuit court, and by the
evidence that shortly after said judgment of the circuit court
was rendered and before the appeal was prosecuted therefrom, the
defendant May E. Moffatt, late Whaley, and her husband, she
having intermarried with William Moffatt, abandoned the pos-
session of the land in controversy, leaving said Benjamin Whaley
and wife in the occupancy thereof, and that Moffatt, and wife,
after residing in the vicinity of the land until in July, 1865,
removed to the state of Indiana. Said Benjamin Whaley ap-
pears to have removed from the land. But he held the pos-
session of it by a tenant until his death, which occurred in 1865
and that said Moffatt and wife did not maintain or have the care
of said Whaley and wife after their removal from the land,
nor does it appear that after the time said Benjamin and wife
as the survivor of them would permit them to do so, although that
Moffatt and wife was by an amended answer filed in May, 1860,
expressed their willingness to do so.

The judgment dismissing the plaintiffs' petition and from which
this appeal is prosecuted, was rendered in May, 1866, upon the
execution by Moffatt and wife with surety approved by the court,

of a covenant that they would support and maintain and provide for the plaintiff Jane Whaley pursuant to the stipulations of said deed.

We are of the opinion that by the removal of the appellees from the land and subsequently from the state, and their failure to provide for Whaley and wife and the survivor of them according to the stipulations of the deed, the title reverted to the grantors, as provided for in the deed, in the event of a failure on the part of the grantees as his representatives to comply with the condition of the deed, and the appellants were therefore entitled to the relief sought by them.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Ward, for appellants.*